UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

CATHIE KEMPTER,

    Plaintiff-Appellant,

v                                                                                          COA No. 13-1036
                                                      Lower Court Case No. 12-10261

MICHIGAN BELL TELEPHONE
COMPANY AND/OR AT&T
MICHIGAN, a Michigan corporation,
TRACY BAIN, RICK SPEICE and/or
RICK SPIECE, and RENEE GARCIA,
Individually,

    Defendants-Appellees.
_____/

| | |
|---|---|
| TOM R. PABST (P27872) | RICHARD M. TUYN (P29091) |
| Co-counsel for Plaintiff-Appellant | VICKI J. PATTERSON (P42749) |
| 2503 S. Linden Road, Suite 185 | OGLETREE, DEAKINS, NASH, |
| Flint, MI  48532 | SMOAK & STEWART, PLLC |
| (810) 732-6792 | Attorneys for Defendants-Appellees |
| | 34977 Woodward Avenue, Suite 300 |
| JOHN Van BENSCHOTEN (P34467) | Birmingham, MI  48009 |
| Co-Counsel for Plaintiff-Appellant | (248) 593-6400 |
| 905 N. Michigan Avenue | richard.tuyn@ogletreedeakins.com |
| Saginaw, MI  48602-4324 | vicki.patterson@ogletreedeakins.com |
| (989) 860-3178 | |

_____

## **DEFENDANTS' MOTION FOR SANCTIONS**

      Defendants, Michigan Bell Telephone Company, Tracy Bain, Rick Spiece

and Renee Garcia, by their undersigned counsel, ask this Honorable Court to award

Defendants sanctions pursuant to Fed. R. App. P. 38, 28 U.S.C. §1912 and 28 U.S.C. § 1927, and state as follows:

1. Plaintiff filed this lawsuit in the Saginaw County Circuit Court alleging that Defendants discriminated against her in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* as well as various state law claims.

2. Defendants removed the case to the United States District Court for the Eastern District of Michigan, Northern Division, because Plaintiff alleged a claim arising under federal law (RE 1, Defendants' Removal, ID# 1-4).

3. At the close of discovery, Defendants filed a Motion for Summary Judgment seeking dismissal of Plaintiff's claims after Plaintiff refused to concur in Defendants' request to dismiss her claims (RE 13, Defendants' MSJ, ID# 67-216).

4. On December 20, 2012, the District Court for the Eastern District of Michigan issued an Opinion and Order and a Judgment granting Defendants' Motion for Summary Judgment, in part, and dismissing Plaintiff's ADA claim. The Court remanded Plaintiff's state law claims to the Saginaw County Circuit Court (RE 18, Opinion and Order Granting MSJ, in part, ID# 567-579).[1]

5. In its Opinion, the District Court held that even if Plaintiff was disabled, she had failed to establish a *prima facie* claim under the Act because she could not perform an essential function of her job, as it was undisputed that she

---

[1] Plaintiff's Persons with Disabilities Civil Right Act claim is barred by collateral estoppel.

could only type two hours per day in a job that required the ability to type six or more hours per day (RE 18, Opinion and Order Granting MSJ, in part, ID #576-578).

6.      The Court held that because Plaintiff admitted she could not perform an essential function of her job, she was not protected by the ADA and, therefore, Defendants had no duty to accommodate her (RE 18, Opinion and Order Granting MSJ, in part, ID# 576-578).  The Court held that, even if there was such a duty, Plaintiff had failed to identify any reasonable accommodations (RE 18, Opinion and Order Granting MSJ, in part, ID# 578).

7.      Defendants then filed a motion seeking costs and attorney fees, arguing that costs were to be awarded to the prevailing party pursuant to Federal Rule of Civil Procedure 54(d) "unless the court otherwise directs," and that Defendants were entitled to attorneys fees under the ADA as the prevailing party, 42 U.S.C. 12205 (RE 21, Motion for Costs, ID # 583-605).

8.      The District Court awarded Defendants costs, but denied Defendants' request for attorney fees (RE 28, Opinion and Order Re: Costs, ID # 645-653).

9.      The Court reiterated that it did not believe Plaintiff's claims had merit and that deciding to grant summary judgment was not "a close case," stating:

> To be clear, the Court does not believe this was a close case. Plaintiff's physician, Dr. Weiss, imposed a permanent restriction on her ability to type, indicating that she could not type for more than two hours each day.  But Plaintiff's position required typing for at

least six hours every day. This was all confirmed by Plaintiff herself when she told [Michigan Bell Telephone] on March 22, 2010 that she could not perform her old job given her typing restrictions, but was willing to do another job that did not require typing "non-stop all day." Defs' MSJ, RE 13, Ex. G.

Plaintiff's other arguments to support her claim that [Michigan Bell Telephone] violated the ADA are equally without merit. She first asserts that [Michigan Bell Telephone] could have "create[d] a job for her which did not involve any typing whatsoever." Pl.'s Resp. 1. . . .This argument falls short of the applicable legal authority. It is well-established that to accommodate a disabled employee under the ADA, "an employer is not obligated to create a position not then in existence." (Citations omitted).

(RE 28, Opinion and Order Re: Costs, ID# 649-650).

10. The Court went on to state that Plaintiff's second argument (that Defendant should have placed her in a technical associate position in the Operations Center) was also without merit. The Court noted that the ADA does not "require an employer to reassign an employee to a position that is not vacant." (Citations omitted) (RE 28, Opinion and Order Re: Costs, ID# 650). The Court stated:

In her brief, Plaintiff's counsel argues that this "technical associate" position was vacant when Plaintiff's employment was terminated . . . But this claim does not comport with Plaintiff's own testimony. In fact, Plaintiff confirmed just the opposite. . . Plaintiff simply has not carried her burden of demonstrating that there were any positions available during March 2010 when she was attempting to return to work. Accordingly her ADA claim fails.

4

(RE 28, Opinion and Order Re: Costs, ID# 651).

11. The Court further noted that if Defendants had sought sanctions against Plaintiff's attorney under Federal Rule of Civil Procedure 11, the Court may have been inclined to grant them, stating: "Defendants' quest for attorney's fees may have ended differently." (RE 28, Opinion and Order Re: Costs, ID# 652).

12. Following the District Court's decision, Plaintiff filed an appeal in this Honorable Court. Defendants offered to waive the costs Plaintiff had been ordered to pay if Plaintiff would dismiss her appeal and state law claims, but Plaintiff has refused.

13. Despite having been advised <u>twice</u> by the District Court that her claims were without merit, Plaintiff continued to pursue this appeal and her state law claims.

14. Defendants respectfully submit that Plaintiff's appellate brief is a recycled version of the brief she filed in the district court, with no persuasive argument as to why Plaintiff claims the District Court erred.

15. In addition, Plaintiff's appellate brief contains misrepresentations which warrant sanctions. Plaintiff has continued to misrepresent that her union steward, Diana Rodabaugh (whom Plaintiff's attorney also represents), was "fired" because she gave a deposition in Plaintiff's lawsuit (see Plaintiff's Third Corrected

Appellate Brief pg. 9). Plaintiff filed her Third Corrected Appellate Brief on March 6, 2013. At that time, her attorney was fully aware that Diana Rodabaugh had testified under oath that she was <u>not</u> fired, that she had been on a medical leave, and that she had returned to work on February 7, 2013 – nearly a month before Plaintiff's appellate brief was filed.[2]

16. Federal Rule of Appellate Procedure 38 provides: "If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." An appeal is frivolous when the appellant's arguments "essentially [have] no reasonable expectation of altering the district court's judgment based on law or fact. *Tareco Properties, Inc. v. Morriss,* 321 F.3d 545 (6th Cir. 2003), *Wilton Corp. v. Ashland Castings Corp.*, 188 F.3d 670, 677 (6th Cir. 1999).

17. Similarly, 28 U.S.C. § 1912 provides that, where a judgment is affirmed by a court of appeals, the court, in its discretion, may award the prevailing party "just damages for his delay, and single or double costs."

---

[2] Diana Rodabaugh so testified at page 22 of her deposition taken in the case of Diana Rodabaugh v Michigan Bell Telephone Company, Case No. 12-98774, currently pending in the Genesee County Circuit Court. Defendants have not attached this deposition testimony because it was not part of the record below in Plaintiff's case, as it was taken after summary judgment was issued in Plaintiff's case, but before Plaintiff's Third Corrected Appellate Brief was filed. Defendants will gladly provide the Court with a copy of this deposition testimony at the Court's request.

18.  28 U.S.C. § 1927 permits the Court, in its discretion, to assess damages and costs directly against an attorney who "multiplies the proceedings in any case unreasonably and vexatiously." This standard is met "when an attorney knows or reasonably should know that a claim pursued is frivolous." *Jones v. Continental Corp.*, 789 F.2d 1225, 1230 (6th Cir. 1986).  An appellee does not have to demonstrate that the appellant or her attorney acted in bad faith to succeed on a motion for sanctions. *Tareco Properties, Inc., supra* at 550, *Wilton Corp., supra*, at 677.

19.  In this case, Defendants respectfully submit that Plaintiff's arguments on appeal have no reasonable expectation of altering the District Court's decision which granted Defendants' Motion for Summary Judgment.  Plaintiff admitted that every CSR position she held with Defendant required her to type at least six hours per day (RE 13, Kempter deposition testimony, p. 38, attached to MSJ, ID # 119).  Plaintiff admitted that in March 2010, she presented a permanent restriction from her doctor which provided that she could not use a keyboard, type more than two hours a day, engage in repetitive hand movements, or engage in excessive handwriting (RE 13, Kempter deposition testimony p. 25, attached to MSJ ID #116).  Plaintiff admitted that because she could not type more than two hours per day, she could not perform an essential function of her job (RE 13, Kempter deposition testimony p. 29, attached to MSJ, ID # 117).

20. The law is clear that if a disabled employee cannot perform an essential function of her job, she is not a "qualified individual with a disability," and is not entitled to the protections of the ADA. 42 U.S.C. §§ 12111(8), 12112(a), *Fobar v. City of Dearboard Heights,* 994 F.Supp. 878 (E.D. Mich. 1998), *Parker v. Metropolitan Life Ins. Co.*, 99 F.3d 181, 185 (6th Cir. 1996).

21. The District Court correctly noted that Plaintiff raised no argument to the contrary and that her ADA claim was without merit. Plaintiff's Appellate Brief raises no new arguments which would alter the decision of the District Court.

22. Because the District Court indicated that Plaintiff's ADA claim was without merit and that Rule 11 sanctions may have been awarded had they been sought, and because Plaintiff has failed to present either fact or law to this Court to suggest that the claim has merit, Plaintiff appeal is frivolous and subject to sanctions against Plaintiff and/or her counsel.

WHEREFORE, Defendants respectfully requests this Court enter sanctions against Plaintiff and/or her attorney pursuant to Federal Rule of Appellate Procedure 38 and 28 U.S.C. §§1912 and 1927, and award Defendants such other relief as this Court deems just and equitable.

Respectfully submitted,

*s/Vicki J. Patterson*
Richard M. Tuyn (P29091)
Vicki J. Patterson (P42749)

|  |  |
|---|---|
|  | Ogletree, Deakins, Nash, Smoak & Stewart, PLLC |
|  | Attorneys for Defendants-Appellees |
|  | 34977 Woodward Avenue, Suite 300 |
|  | Birmingham, MI 48009 |
|  | (248) 593-6400 |
|  | richard.tuyn@ogletreedeakins.com |
| Dated: April 3, 2013 | vicki.patterson@ogletreedeakins.com |

# CERTIFICATE OF SERVICE

    I hereby certify that on April 3, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all ECF participants. I further certify that I will serve a copy of such filing on any non-ECF participants as necessary.

    *s/Vicki J. Patterson*
Vicki J. Patterson (P42749)
Ogletree, Deakins, Nash, Smoak
& Stewart, PLLC
Attorney for Defendants-Appellees
34977 Woodward Avenue, Suite 300
Birmingham, MI 48009
(248) 593-6400
vicki.patterson@ogletreedeakins.com

14633270.1 (OGLETREE)